■ In the Matter of LIDO BEACH CIVIC ASSOCIATION, INC., Appellant, v. BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD, Respondent.— In a proceeding under article 78 of the Civil Practice Act, to review and annul a determination of the Board of Zoning Appeals of the Town of Hempstead, which granted an area variance to owners of a parcel of property in Lido Beach, the petitioner appeals from an order of the Supreme Court, Nassau County, dated February 16, 1959, granting respondent's cross motion to dismiss the amended petition as insufficient. Order affirmed, with $10 costs and disbursements. Petitioner is an incorporated property owners association formed " to promote the health and general welfare of the residents of Lido Beach and to foster a sense of civic responsibility among all persons interested in Lido Beach." It does not appear that petitioner is the owner of any real property or that it has any interest therein. In our opinion, petitioner is not a " person aggrieved" within the meaning of subdivision 7 of section 267 of the Town Law. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ In the Matter of the Final Accounting of HENRY D. PEROTTI, as Executor and Trustee of the Estate of JOHN PEROTTI, Deceased, Respondent. ERNEST PEROTTI, Appellant.— In an accounting proceeding by the executor and trustee under the will of John Perotti, deceased, the objectant appeals from a decree of the Surrogate's Court, Dutchess County, dated and entered October 27, 1960, which overruled all his objections, and which approved, settled and allowed the entire account as filed. Decree reversed, with costs to all parties filing briefs, payable out of the estate; and matter remitted to the Surrogate's Court for further proceedings consistent herewith. The learned Surrogate decided the issues presented by the petition, accounts and objections without taking testimony or receiving other proof. Based upon an agreement and consent, executed by all the legatees other than the objectant, substantially to the effect that all assets of the estate should be considered as principal, the Surrogate disposed of the objections that petitioner had failed to allocate receipts and disbursements between principal and income. Under the circumstances disclosed by this record, we are of the opinion that such a disposition was proper and that no substantial rights of the objectant, who is entitled to one fifth of the residuary estate, were prejudiced thereby, provided that petitioner shall also stipulate: (a) to waive one fifth of the additional principal commissions to which he may be entitled under section 285-a of the Surrogate's Court Act, and (b) to add to the objectant's share of the estate an amount equal to one fifth of such principal commissions. However, other issues raised by the objections, including those respecting petitioner's alleged failure to include specific items as assets of the estate (see, e.g., amended objections 5, 6, 7 and 9), may not be determined without the taking of testimony or the submission of other evidence. We also are unable, from the present record, to determine whether petitioner has accounted for the increase in the estate shown by the intermediate accounting settled in 1951. Since a new decree must be entered, we call attention to the fact that the decree appealed from does not contain a summary of the account as settled, or a reference to such a summary, as required by section 274 of the Surrogate's Court Act. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur. [26 Misc 2d 25.]